```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


BENJUA KAMINAGA                            CIVIL ACTION

VERSUS                                     NO: 13-616

BISSO MARINE CO., INC.                     SECTION: R(4)
```

### ORDER AND REASONS

Defendant Bisso Marine Co., Inc. ("Bisso Marine") moves for partial summary judgment.[1] The plaintiff does not oppose the motion.[2] For the following reasons, the Court GRANTS the defendant's motion.

### I.  Background

Plaintiff Benjua Kaminaga brought suit against Bisso Marine under the Jones Act and general maritime law.[3] He alleges that he was employed by Bisso Marine as a seaman onboard the L/B MIGHTY CHIEF when an explosion on deck engulfed him in flames.[4] He alleges that he suffered both physical and psychological injuries

---

[1] R. Doc. 13.

[2] R. Doc. 15.

[3] R. Doc. 1.

[4] *Id.* at 2.

and seeks judgment against Bisso Marine for maintenance and cure.[5]

Bisso Marine filed a motion for partial summary judgment, seeking dismissal of Kaminaga's maintenance and cure claim for post-traumatic stress disorder ("PTSD").[6] Although Kaminaga does not explicitly allege PTSD as one of the injuries for which he seeks maintenance and cure, medical records indicate that he has been diagnosed with PTSD since the explosion.[7] Kaminaga has filed a notice of no opposition to Bisso Marine's motion for partial summary judgment.[8]

## II. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the

---

[5] *Id.* at 2-3, 5.

[6] R. Doc. 13.

[7] R. Doc. 14-3 at 1, 4.

[8] R. Doc. 15.

evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quotation marks removed).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

3

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

### III. Discussion

Seamen have a right to maintenance and cure for injuries suffered in the course of their employment, regardless of whether the employer was at fault. *See Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 725 (5th Cir. 2013). "Maintenance may be awarded by courts even where the seaman has suffered from an illness pre-existing his employment, but there is a general principle that it will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). When the shipowner "requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts . . . he is not

entitled to an award of maintenance and cure." *Id.* at 549. To rely on this defense, known as the *McCorpen* defense, an employer must establish that (1) the seaman intentionally misrepresented or concealed medical facts, (2) the misrepresented or concealed facts were material to the employer's hiring decision, and (3) there is a causal link between the pre-existing disability that was concealed and the injury now incurred. *Id.; see also Boudreaux*, 721 F.3d at 726. Here, the Court finds that Bisso Marine has established each element of its defense under *McCorpen*.

Bisso Marine has submitted evidence indicating that Kaminaga suffered from PTSD prior to his employment with Bisso Marine,[9] that Bisso Marine required Kaminaga to submit to a medical examination and interview prior to hiring him,[10] that Kaminaga concealed his history of mental illness from the medical examiner,[11] that the concealed information was material to Bisso Marine's hiring decision,[12] and that the PTSD Kaminaga incurred after the explosion is related to his pre-existing PTSD.[13] Kaminaga does not dispute any of this evidence. Accordingly, the

---

[9] R. Doc. 14-3 at 3.

[10] R. Doc. 13-8 at 1.

[11] *Id.* at 1-2; R. Doc. 14-7.

[12] R. Doc. 13-8 at 2.

[13] R. Doc. 14-3 at 4.

Court finds that Kaminaga intentionally concealed his history of PTSD, that the concealed information was material to Bisso Marine's hiring decision, and that there is a causal link between Kaminaga's pre-existing PTSD and the PTSD he incurred after the explosion. To the extent Kaminaga seeks maintenance and cure for his PTSD, the Court concludes that Bisso Marine is entitled to summary judgment on this claim.

## IV. Conclusion

For the foregoing reasons, Bisso Marine's motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, this __30th__ day of December, 2013.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**